# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD SEDIQ ISHAQZAI, <br><br> Petitioner, <br><br> v. <br><br> KEVIN McALEENAN, et al., <br><br> Respondents. | Case No. 5:19-CV-01627-PA-AFM <br><br> **ORDER DISMISSING PETITION AS MOOT** |

On August 27, 2019, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time he filed the petition, Petitioner was subject to a final order of removal and was in custody of the United States Immigration and Customs Enforcement ("ICE"). The petition challenges Petitioner's continued detention by ICE pending his removal. Specifically, the petition alleges that Petitioner has been detained without removal for longer than six months and is entitled to be released under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (ECF No. 2 at 3, 6-7.)

In their Answer to the Petition, on September 26, 2019, Respondents stated that travel documents have been issued by the Government of Afghanistan and ICE is in the process of scheduling a return flight with a final destination of Afghanistan. (ECF No. 7.)

On February 12, 2020, Respondents filed a notice that Petitioner was removed from the United States in January 2020, including a declaration from the Deportation Officer verifying that Petitioner was removed in January 2020. (ECF No. 17.) As a result, Respondents urge that the petition should be denied and the case dismissed as moot. (*Id.*) On February 27, 2020, Petitioner filed a response agreeing that Petitioner has been removed from the United States and that the petition is moot and should be dismissed without prejudice. (ECF No. 19.)

## DISCUSSION

Federal court jurisdiction is limited to adjudication of actual cases and live controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam). A petition for a writ of habeas corpus becomes moot when a prisoner who requests release from custody is released before the court has addressed the merits of the petition. *See Lane v. Williams*, 455 U.S. 624, 631 (1982); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The petition requests an order releasing Petitioner from ICE custody. (ECF No. 2 at 7.) Petitioner, however, already has been released from ICE custody. As a result, there is no additional relief that this Court could grant him. The only issue raised in the habeas petition here, and the only one properly before this Court, is whether Petitioner's continued detention violates the Constitution. *See Zadvydas*, 533 U.S. at 689 (in light of the Constitution's demands, an alien's post-removal-period detention is limited to "a period reasonably necessary to bring about that alien's removal from the United States"). As a result of Petitioner's removal, the question of the constitutional validity of his continued detention no longer presents a live controversy. *See Martinez-Reyes v. Burns*, 2011 WL 1375293, *2 (C.D. Cal. Mar. 18, 2011) ("since petitioner's removal from the United States has released him from ICE custody, he has received the only relief this Court might provide him, and the pending Petition is moot"), *report and recommendation adopted*, 2011 WL 1375163 (C.D. Cal. Apr. 11, 2011).

For the foregoing reasons, the petition is denied without prejudice, and the case is dismissed as moot.

IT IS SO ORDERED.

DATED: February 29, 2020

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE